UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CENTILLION DATA SYSTEMS, LLC.,       )<br>          Plaintiff,                                     )<br>                                                            )<br>    vs.                                                   )<br>                                                            )<br>CONVERGYS CORPORATION, QWEST   )<br>COMMUNICATIONS INTERNATIONAL, and)<br>QWEST CORPORATION,                          )<br>          Defendants,                                  )<br>------------------------------------------------------ )<br>QWEST CORPORATION and QWEST      )<br>COMMUNICATIONS CORPORATION,    )<br>          Plaintiffs,                                    )<br>                                                            )<br>    vs.                                                   )<br>                                                            )<br>CENTILLION DATA SYSTEMS, LLC., and )<br>CTI GROUP (HOLDINGS), INC.,                )<br>          Defendants.                                  ) | 1:04-cv-0073-LJM-WTL |

## ORDER ON RENEWED MOTION TO STAY

This cause is now before the Court on defendants', Convergys Corporation, Qwest Communications International, and Qwest Corporation (Qwest defendants collectively, "Qwest defendants", all defendants collectively, "Defendants"), Renewed Motion to Stay these proceedings pending a reexamination of the patent-in-suit, U.S. Patent No. 5,287,270 ("'270"). On June 13, 2005, this Court denied Defendants' previous request for a stay, but left open whether the Court would revisit the issue later. Defendants have renewed their motion arguing that because the Patent and Trademark Office ("PTO") granted the Qwest defendants' request for reexamination of the '270 patent, the Court should follow the weight of authority that advise that a stay of these proceedings is appropriate. Plaintiff, Centillion Data Systems, LLC ("Centillion"), contends that the PTO's grant

a reexamination does not significantly change the core infringement issues in this cause and a stay would unduly prejudice its ability to enforce its patent.

For the following reasons, the Court **DENIES** Defendants' Renewed Motion to Stay.

## I. DISCUSSION

In its prior order the Court set forth the following factors for the grant of a motion to stay: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the Court. *See Xerox Corp. v. 3 Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999) (citations omitted). The only circumstance that is different today than it was when the Qwest defendants filed their original motion to stay is that the PTO has now granted the petition for reexamination. The standard for granting such reexamination is whether there is a "substantial new question of patentability," 35 U.S.C. § 515(a), which Defendants contend puts the efficacy of this proceeding in jeopardy as the PTO may find the patent flawed. To continue this suit while the PTO makes it reexamination, Defendants argue, both the parties and the Court waste resources.

The Court finds that the balance of the factors, at this stage of the litigation, does not favor a stay. This cause has been delayed for over eighteen months because Qwest defendants fought jurisdiction in this cause. Although the Court cannot fault a party for making a legitimate challenge to jurisdiction, the transfer to this Court Qwest defendants' parallel action from the Western District of Washington, begs the question of whether or not Qwest defendants had a legitimate challenge to such jurisdiction. Moreover, the timing of Qwest defendants challenge of the '270 patent before the

PTO also indicates that this request for a stay may be more of a dilatory tactic than one of necessity.

The Court cannot ignore the fact that to proceed with this litigation through claim construction and a trial without the benefit of a decision on the petition for reexamination by the PTO may in fact waste resources. However, the Court sees no reason to delay discovery, particularly in light of Defendants' desire to file challenge the allegations in the complaint via a motion pursuant to Federal Rule of Civil Procedure 11. Such a motion need not wait for a decision by the PTO on reexamination.

If the parties proceed through discovery apace, and that is a question given the flurry of motions to compel that have been filed, and the case proceeds to the claim construction phase without a decision by the PTO, the Court may again reconsider its decision to deny Defendants' motion to stay. However, given the current circumstances, the Court is unwilling to issue a stay.

## II. CONCLUSION

For the foregoing reasons, the Court **DENIES** defendants', Convergys Corporation, Qwest Communications International, and Qwest Corporation, Renewed Motion to Stay.

IT IS SO ORDERED this 24th day of August, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Electronically distributed to:

Vincent J. Belusko
MORRISON & FOERSTER LLP
vbelusko@mofo.com

David C. Campbell
BINGHAM MCHALE LLP
dcampbell@binghammchale.com

Hamish S. Cohen
BINGHAM MCHALE
hcohen@binghammchale.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

Hector G. Gallegos
MORRISON & FOERSTER LLP
hgallegos@mofo.com

Michael C. Greenbaum
BLANK ROME, LLP
greenbaum@blankrome.com

Edward Han
HOWREY SIMON ARNOLD & WHITE LLP
hane@howrey.com

Denise Catherine Lane-White
BLANK ROME, LLP
lane-white@blankrome.com

Grant S. Palmer
BLANK ROME, LLP
palmer@blankrome.com

Randall R. Riggs
LOCKE REYNOLDS LLP
rriggs@locke.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Hemant Keeto Sabharwal
BLANK ROME LLP
sabharwal@blankrome.com

Matthew J. Siembieda
BLANK ROME LLP
siembieda@blankrome.com

Leonard D. Steinman
BLANK ROME, LLP
lsteinman@blankrome.com

Joel E. Tragesser
LOCKE REYNOLDS LLP
jtragesser@locke.com

Mark D. Wegener
HOWREY SIMON ARNOLD & WHITE
wegenerm@howrey.com

Peter S. Weissman
BLANK ROME, LLP
weissman@blankrome.com

Michael Douglas White
BLANK ROME, LLP
white@blankrome.com

Distributed via U.S. Postal Service to:

Jill Morgan Ballo
DAVIS WRIGHT TREMAINE LLP
1501 4th Ave., Ste 2600
Seattle, WA 98101-1688