UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **CENTILLION DATA SYSTEMS, LLC,** )<br>)<br>    **Plaintiff,** )<br>)<br>    vs. )<br>)<br>**CONVERGYS CORPORATION, et al.,** )<br>)<br>    **Defendants.** )<br>_____ )<br>**QWEST CORPORATION, et al.,** )<br>)<br>    **Plaintiffs,** )<br>)<br>    vs. )<br>)<br>**CENTILLION DATA SYSTEMS, LLC,** )<br>**et al.,** )<br>)<br>    **Defendants.** ) | **CAUSE NO.  1:04-cv-73-LJM-WTL** |

## ENTRY REGARDING MOTION TO COMPEL AND
## MOTION FOR PROTECTIVE ORDER

This cause is before the Magistrate Judge on the motions filed by Plaintiff/Counterdefendants Centillion Data Systems, LLC, and CTI Group (Holdings), Inc., (collectively "Centillion") entitled Motion to Compel Individual Depositions of Qwest's Witnesses, Interrogatory Responses and Production of Counsel Opinions, and to Preclude Qwest's Use of Counsel Opinions and  Motion for Protective Order to Preclude Additional Duplicative Fed. R. Civ. P. 30(b)(6) Depositions.  The motions are fully briefed and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion to compel and **DENIES** the motion for protective order for the reasons set forth below.

## MOTION TO COMPEL

Centillion raises several issues in its motion to compel. First, it asks the Court to compel Qwest Corporation, Qwest Communications International, Inc., and Qwest Communication Corporation (collectively "Qwest") to produce six individual witnesses for deposition. Qwest has refused to produce the witnesses because it believes that the depositions should not be taken until after the Court issues its *Markman* ruling, because that ruling might narrow the topics to be addressed at the depositions. That might be true; however, in light of Chief Judge McKinney's clearly expressed intention that discovery proceed in this case, the chance that a pre-*Markman* ruling deposition might be somewhat shorter than a post-*Markman* ruling deposition is not sufficient reason to delay the depositions and cram them into the 120-day post-*Markman* discovery period.[1] The motion to compel is **GRANTED** as to the individual depositions at issue.[2] The depositions shall be scheduled as promptly as possible.

Next, Centillion asks the Court to compel Qwest to give complete responses to Centillion's interrogatories regarding non-infringement, invalidity, unenforceability, willfulness and damages. Qwest argues that it should not be forced to respond to interrogatories relating to infringement and damages until after the *Markman* ruling is issued. This position is without merit. Qwest may supplement or amend its responses on these issues if necessary after it

---

[1] It is true that certain Rule 30(b)(6) topics have been postponed until after the *Markman* ruling; however, the fact that a Rule 30(b)(6) deponent must be prepared for a deposition in order to speak for the corporate party is an additional factor that tips the balance in favor of postponing those topics.

[2] The exception to this is David Halvorson, Qwest's in-house counsel. Qwest has objected to his deposition as being inappropriate because virtually any relevant testimony he could give would be privileged. Centillion has not responded to this argument in its briefs. Without some indication of why Mr. Halvorson's deposition is appropriate, the Magistrate Judge declines to compel it.

receives the Court's claim construction ruling, but it is required to respond to Centillion's interrogatories and set forth its contentions clearly and completely based upon its claims and defenses as they now stand. Qwest also argues that because Centillion has the burden of proof on the issue of infringement, Qwest should not be required to provide information regarding its non-infringement claim until Centillion has provided information regarding its infringement claim. Whether discovery is appropriate does not depend upon who has the burden of proof, however, and there is no motion to compel Centillion to respond to any discovery pending before the Court. Centillion has filed a motion to compel, and that motion is **GRANTED** as to its interrogatories relating to infringement and damages; Qwest shall serve its supplemental answers **within 30 days of the date of this Entry**.[3]

Qwest does not assert that it is not obligated to respond to Centillion's interrogatories relating to invalidity and unenforceability, but rather states in its response to the instant motion that it needs additional time to analyze certain prior art and supplement its responses accordingly. To the extent that Qwest has not provided complete responses to the interrogatories relating to invalidity and unenforceability, it shall do so **within 30 days of the date of this Entry**.

The Magistrate Judge agrees with Qwest that discovery regarding willfulness, including electing whether to rely on the advice of counsel defense and producing counsel opinions, is best conducted after the *Markman* ruling is issued. Accordingly, **within 30 days of the date of the**

---

[3]This ruling applies only to responses that Qwest has withheld, in whole or in part, on the ground of prematurity. To the extent that Qwest has otherwise objected to specific discovery requests on other grounds, Centillion does not address those objections in its motion, other than referring generally to correspondence between the parties, which is not sufficient to raise the issue. Thus, this Entry does not address any such substantive objections.

*Markman* **ruling**, Qwest shall (1) notify Centillion, in writing, whether it elects to rely on advice of counsel and, if it does, produce all counsel opinions and (2) respond fully and completely to all discovery requests related to the issue of willfulness, including, if applicable, a detailed privilege log list each responsive document withheld on privilege grounds.

### Request for Sanctions

In light of Qwest's refusal to fulfill its discovery obligations as discussed above, Centillion asks the Court to sanction Qwest by striking its invalidity defense, defaulting its non-infringement declaratory judgment claim, and prohibiting it from relying on the advice of counsel defense. The Magistrate Judge declines to recommend sanctions at this juncture; however, such a recommendation will be the result of further recalcitrance. Counsel are making this litigation more difficult than it needs to be by their unwillingness to conduct themselves in a civil and cooperative manner. The Magistrate Judge's patience is wearing thin.

### **MOTION FOR PROTECTIVE ORDER**

In its motion for protective order, Centillion asks the Court to preclude depositions that Qwest has not noticed; indeed, Qwest has not even expressed the intent to notice them in the future. Thus, Centillion's motion is **DENIED** as premature. However, the Magistrate Judge will suggest that it would be appropriate for any party to seek leave of court before noticing the deposition of a person who already has been deposed in the case, regardless of who took the previous deposition.

SO ORDERED:   12/19/2006

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification