UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CENTILLION DATA SYSTEMS, LLC, | ) Case No. 1:04-cv-0073-LJM-WTL |
| Plaintiff, | ) |
| v. | ) |
| CONVERGYS CORPORATION, QWEST COMMUNICATIONS INTERNATIONAL, INC., and QWEST CORPORATION, | ) |
| Defendants. | ) |
| CONVERGYS CORPORATION, | ) |
| Counter-Claimant, | ) |
| v. | ) |
| CENTILLION DATA SYSTEMS, LLC, | ) |
| Counter-Defendant. | ) |
| QWEST CORPORATION; QWEST COMMUNICATIONS, | ) Case No. 1:04-cv-2076 *(consolidated with above)* |
| Consolidated Plaintiffs, | ) |
| v. | ) |
| CENTILLION DATA SYSTEMS, LLC; CITI GROUP HOLDINGS, INC., | ) |
| Consolidated Defendants. | ) |

**CONSOLIDATED PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,287,270  AND IMMUNITY UNDER 28 U.S.C. § 1498**

la-968874

Consolidated Plaintiffs Qwest Corporation ("QC") and Qwest Communications Corporation ("QCC") (collectively, "Consolidated Plaintiffs"), by and through their attorneys, hereby allege, upon personal knowledge with respect to themselves and their own acts, and upon information and belief with respect to all other matters, the following claims for declaratory relief against Consolidated Defendants CTI Group (Holdings), Inc. and Centillion Data Systems, LLC. (collectively, "Consolidated Defendants"):

1. This is an action for a declaratory judgment of patent noninfringement and invalidity for the purpose of resolving a question of actual controversy between the parties, as alleged herein.

## JURISDICTION

2. This Court has jurisdiction over these claims for declaratory relief arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., pursuant to 28 U.S.C. § 1338(a) and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Upon information and belief, Consolidated Defendants conduct business in and have substantial contact with the State of Indiana such that requiring Consolidated Defendants to respond to this action will not violate due process.  Upon information and belief, Consolidated Defendants are subject to the personal jurisdiction of this Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391.  Consolidated Plaintiffs have engaged in activity in this judicial district alleged to infringe the Patent in Suit, which is purportedly owned by the Consolidated Defendants.  In particular, Consolidated Plaintiffs have offered to sell allegedly infringing services and/or products to many customers located in this district.

4. There is an actual controversy between the parties with regard to the non-infringement of United States Patent No. 5,287,270 (the "'270 patent"). A reasonable apprehension of a suit for infringement of the '270 patent has been created by the Consolidated Defendants or those acting by or for the Consolidated Defendants with respect to the ability of Consolidated Plaintiffs to make, use, sell, and/or offer to sell at least some of its products and services.

## PARTIES

5. Plaintiff Qwest Corporation is a corporation organized and existing under the laws of Colorado, having its principal place of business at 1801 California, Denver, Colorado 80202.

6. Plaintiff Qwest Communications Corporation is a corporation organized and existing under the laws of Delaware, having its principal place of business at 1801 California, Denver, Colorado 80202.

7. Upon information and belief, Centillion Data Systems, LLC, ("CDS") is a Delaware corporation, having its principal place of business at 333 North Alabama Street, Indianapolis, Indiana 46204. Upon information and belief, CDS does business in this district. In CallVision, Inc. v. Centillion Data Systems, LLC et al., U.S.D.C. for the Western District of Washington, Case No. C03-916Z, CDS admitted that it does business in this district.

8. Upon information and belief, CTI Group (Holdings), Inc., ("CTIG") is a Delaware corporation having its principal place of business at 333 North Alabama Street, Indianapolis, Indiana 46204. Upon information and belief, CTIG does business in this district. In CallVision, Inc. v. Centillion Data Systems, LLC et al., U.S.D.C. for the Western District of Washington, Case No. C03-916Z, CTIG admitted that it does business in this district.

9. Upon information and belief, CTIG and CDS are providers of billing and customer management software and services to the communications and utility markets.

## EVENTS GIVING RISE TO THIS SUIT

10. Upon information and belief, Defendant CDS is the assignee of the '270 patent, entitled "Billing System," issued February 15, 1994. The '270 patent on its face indicates it was assigned to Compucom Communications Corp. Upon information and belief, the '270 patent was subsequently assigned to Centillion Data Systems, Inc., and then assigned to CDS. A true and correct copy of the '270 patent is attached as Exhibit 1.

11. Upon information and belief, CTIG is the parent company of CDS and owns ten percent (10%) or more of its membership interest. Threats of suit against Consolidated Plaintiffs regarding the '270 patent have been made by and on behalf of CTIG.

12. On September 13, 2002, CTIG, through its counsel, sent a letter to Qwest Communications International, Inc. indicating that through its subsidiaries it has obtained certain patents including the '270 patent. A true and correct copy of this letter is attached hereto as Exhibit 2.

13. In its September 13, 2002 letter, CTIG asserted that it "has successfully litigated, negotiated and licensed the usage of this patented process to corporate entities such as AT&T, Ameritech, and SBC, among many other major settlements that have been confidentially reached after the initiation of litigation."

14. CTIG added, in its September 13, 2002 letter, "After initial investigation into Qwest's product/service suite, and based upon that research, we anticipate that a similar arrangement between CTIG and Qwest Communications is appropriate for both parties."

la-968874                          3

15. Qwest's counsel responded on September 30, 2002, indicating that the September 13, 2002 letter was referred to counsel for Qwest for reply and that Qwest would investigate CTIG's claims. A true and correct copy of this letter is attached hereto as Exhibit 3.

16. On February 25, 2003, CTIG's counsel sent Qwest's counsel a letter wherein CTIG admitted that Qwest's Logic, BillMate, and Integrated Access Billing Systems Services applications do not literally infringe the '270 patent. A true and correct copy of this letter is attached hereto as Exhibit 4.

17. On November 20, 2003, Qwest's counsel sent CTIG's counsel a letter explaining that Qwest's products did not infringe any claims in CTIG's patent. A true and correct copy of this letter is attached hereto as Exhibit 5.

18. On February 25, 2004, Centillion filed a First Amended Complaint in the U.S. District Court for the Southern District of Indiana charging "Qwest" and other named defendants with infringement of the '270 patent. Centillion Data Systems, LLC v. BellSouth Corporation, et al., Case No. 1:04-CV-0073 LJM-WTL.

19. During a telephone call on or around July 12, 2004, Consolidated Defendants, through their counsel, informed Consolidated Plaintiffs' counsel that Consolidated Defendants believe a Qwest entity providing long distance services in Indiana infringes the '270 patent. The Qwest entity that provides long distance services in Indiana is Qwest Communications Corporation.

20. Based on the foregoing, there is an actual, substantial and continuing justifiable controversy between Consolidated Plaintiffs and Consolidated Defendants as to Consolidated Defendants' allegations that Consolidated Plaintiffs' products and services infringe the claims of the '270 patent.

21. Consolidated Plaintiffs Qwest Corporation and Qwest Communications Corporation therefore seek a judicial determination and a declaration of the respective rights and duties of Consolidated Plaintiffs and Consolidated Defendants with regard to the '270 patent and Consolidated Plaintiffs' products and services. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,287,270

22. Consolidated Plaintiffs incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 through 21 of this Complaint.

23. Consolidated Plaintiffs have not directly infringed, contributed to the infringement of, or induced others to infringe, any claim of the '270 patent either literally or under the doctrine of equivalents.

24. On information and belief, Consolidated Defendants are estopped from asserting a scope for the claims of the '270 patent sufficient to cover Consolidated Plaintiffs' products and services because of statements made on behalf of the applicant during the prosecution of the '270 patent before the United States Patent and Trademark Office.

25. Consolidated Plaintiffs have not willfully infringed any claim of the '270 patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,287,270

26. Consolidated Plaintiffs incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 through 25 of this Complaint.

27. The '270 patent is invalid and unenforceable because, *inter alia*, the '270 patent was not obtained in a manner consistent with and required by the provisions of Title 35 of the United States Code, and in particular because it fails to comply with at least the required condition for patentability under 35 U.S.C. § 103 for non-obviousness in view of the prior art.

## COUNT III

### Declaratory Judgment of Immunity Under 28 U.S.C. § 1498

28. Consolidated Plaintiffs incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1 through 27 of this Complaint.

29. Consolidated Plaintiffs are immune from liability for products that are used or manufactured by or for the United States or processes used by or for the United States, because any claims and demands for relief are barred by 28 U.S.C. § 1498.

## DEMAND FOR JURY TRIAL

30. Pursuant to Fed. R. Civ. P. 38, Consolidated Plaintiffs Qwest Corporation and Qwest Communications Corporation hereby demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Qwest Corporation and Qwest Communications Corporation pray for judgment against Consolidated Defendants as follows:

A. A declaratory judgment that Consolidated Plaintiffs do not infringe, contribute to the infringement of, or induce the infringement of, or willfully infringe, any claim of United States Patent No. 5,287,270;

B. A declaratory judgment that each of the claims of United States Patent No. 5,287,270 are invalid and unenforceable;

      C.      That Consolidated Defendants, their subsidiaries, affiliates, parent, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be enjoined from asserting any claim of United States Patent No. 5,287,270 against Consolidated Plaintiffs;

      D.      That this case be deemed exceptional and that Consolidated Plaintiffs be awarded their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

      E.      That Consolidated Plaintiffs be awarded their costs of suit; and

      F.      That Consolidated Plaintiffs be awarded such other and further relief as the Court deems just and proper.

QWEST CORPORATION DEMANDS TRIAL BY JURY PURSUANT TO Fed. R. Civ. P. 38

Dated this 11th day of April, 2008.

                                                      */s/ James W. Riley, Jr.*
                                                      James W. Riley, Jr.
                                                      No. 6073-49
                                                      RILEY BENNETT & EGLOFF, LLP
                                                      141 East Washington Street
                                                      Fourth Floor
                                                      Indianapolis, Indiana 46204
                                                      (317) 636-8000
                                                      (317) 636-8027 Fax

                                                      Vincent J. Belusko (*pro hac vice*)
                                                      Hector G. Gallegos (*pro hac vice*)
                                                      E. Dale Buxton II (*pro hac vice*)
                                                      MORRISON & FOERSTER LLP
                                                      555 West Fifth Street
                                                      Suite 3500
                                                      Los Angeles, California 90013-1024
                                                      (213) 892-5200
                                                      (213) 892-5454 Fax

                                                      Attorneys for Consolidated Plaintiffs, Qwest Corporation and Qwest Communications Corporation

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 11th day of April 2008, a copy of the foregoing **CONSOLIDATED PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,287,270 AND IMMUNITY UNDER 28 U.S.C. § 1498** was filed in this Court. Notice of this filing will be sent by operation of the Court's electronic filing system or by U.S. Mail, postage pre-paid, to the following:

| | |
|---|---|
| David C. Campbell<br>Phillip J. Fowler<br>BINHAM McHALE, LLP<br>2700 West Market Tower<br>10 West Market Street<br>Indianapolis, IN 46204-4900<br>dcampbell@binghammchale.com<br>pfowler@binghammchale.com<br><br>Michael C. Greenbaum<br>Michael D. White<br>Peter S. Weissman<br>Denise Lane-White<br>Victor M. Wigman<br>H. Keeto Sabharwal<br>Paul M. Honigberg<br>Melissa D. Pierre<br>Nirav N. Desai<br>BLANK ROME, LLP<br>600 New Hampshire Avenue, N.W.<br>Washington, DC 20037<br>greenbaum@blankrome.com<br>white@blankrome.com<br>weissman@blankrome.com<br>lane-white@blankrome.com<br>wigman@blankrome.com<br>honigberg@blankrome.com<br>pierre-m@blankrome.com<br>desai@blankrome.com<br><br>Grant S. Palmer<br>Matthew J. Siembieda<br>BLANK ROME, LLP<br>One Logan Square<br>Philadelphia, PA 19103-6299<br>palmer@blankrome.com<br>siembieda@blankrome.com | *Counsel for Plaintiff, Centillion Data Systems, LLC* |

la-968874                                        1

| | |
|---|---|
| Leonard D. Steinman<br>BLANK ROME, LLP<br>405 Lexington Avenue<br>New York, NY 10174<br>lsteinman@blankrome.com | |
| James Dimos<br>Randall R. Riggs<br>Joel E. Tragesser<br>LOCKE REYNOLDS, LLP<br>201 North Illinois Street, Suite 1000<br>P.O. Box 44961<br>Indianapolis, Indiana 46244<br>jdimos@locke.com<br>rriggs@locke.com<br>jtragesser@locke.com<br><br>Edward Han<br>Matthew J. Moore<br>Mark D. Wegener<br>Brian S. Seal<br>HOWREY LLP<br>1299 Pennsylvania Ave, N.W.<br>Washington, DC 20004<br>wegenerm@howrey.com<br>hane@howrey.com<br>moorem@howrey.com<br>sealb@howrey.com | *Counsel for Defendant, Convergys Corporation* |

                                          */s/ James W. Riley, Jr.*
                                          James W. Riley, Jr.

JWR/lar/4801-65/JWRCL/6008.297