UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CENTILLION DATA SYSTEMS, LLC,  <br>              Plaintiff,  <br>  <br>   vs.  <br>  <br>QWEST and  <br>CITIZENS COMMUNICATIONS  <br>COMPANY,  <br>              Defendants.  <br>_____  <br>  <br>QWEST CORPORATION and QWEST  <br>COMMUNICATIONS CORPORATION,  <br>           Consolidated Plaintiffs,  <br>  <br>   vs.  <br>  <br>CENTILLION DATA SYSTEMS, LLC and  <br>CTI GROUP (HOLDINGS), INC.,  <br>           Consolidated Defendants. | No. 1:04-cv-00073-LJM-DKL |

## ORDER

Plaintiff/Consolidated Defendant Centillion Data Systems, LLC ("Centillion") argued in its S.D. Indiana Local Rule 16.2 Statement and at the Telephonic Status Conference ("Teleconference") held before the Court on December 18, 2013, that the parties' experts should be allowed to submit supplemental reports on the issue of whether or not Defendants/Consolidated Plaintiffs Qwest Corporation's and Qwest Communications Corporation's ("Qwest's") customers infringe under the "make" prong of 35 U.S.C. § 271(a). In large part Centillion argues that the Federal Circuit Court of Appeals' *en banc* decision in *Akamai Technologies, Inc. v. Limelight Networks*, 692 F.3d 1301 (Fed. Cir. 2012), clarified the law with respect to direct infringement of a product or apparatus claim, which would allow Centillion to argue another theory of infringement at

trial.

Qwest argued at the Teleconference that *Akamai* did not clarify the law, rather, it reiterated well-settled principles of infringement. Further, Qwest asserted that Centillion has argued *Akamai* to this Court and the Federal Circuit during the last round of summary judgment briefing and appeal, but neither court addressed it.

The Court concludes that, *Akamai* did not change the law with respect to direct infringement under the "make" prong of § 271(a). 692 F.3d at 1306 (stating, "Much of the briefing . . . has been directed to the question of whether direct infringement can be found when no single entity performs all of the claimed steps of the patent. It is not necessary for us to resolve that issue today because we find that these cases and cases like them can be resolved through application of the doctrine of induced infringement."). *See also id.* at 1307 (stating that "the reasoning of our decision today is not predicated on the doctrine of direct infringement"). Further, *Akamai* explicitly stated that its holding was "that all steps of a claimed method must be performed in order to find induced infringement, but that it is not necessary to prove that all the steps were committed by a single entity." Although it is true that the *Akamai* majority discussed product claims and what was required for direct infringement, *id.* at 1316 (distinguishing *Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 365 U.S. 336 (1961) and distinguishing method claims from product claims), the *Akamai* court carefully limited its review of the issue before it to method claims. *Id.*

In fact, Centillion raised the *Akamai* case to this Court during briefing of the last round of summary judgment motions in what the Court construed to be an argument that Qwest could be held liable as a direct infringer. The Court addressed Centillion's

2

argument on page 15 of its Order in footnote 2. Dkt. No. 929, at 15, n.2. Although the Court acknowledged that a customer could complete the system by installing and using the accused products on their personal computers, Qwest was not a direct infringer under *Akamai*. *Id.*

In addition, in its discussion of direct infringement of apparatus claims, the *Akamai* court cites to *Cross Medical Products, Inc. v. Medtronic Sofamor Danek, Inc.*, 434 F.3d 1293, 1312 (Fed. Cir. 2005), which discussed the very issue Centillion appears to argue now: that Qwest's customers complete or "make" the patented system when it installs the software – no further actions needs to be taken – and, therefore, Qwest is liable for induced and/or contributory infringement. Centillion did not need *Akamai* to argue this theory of induced infringement to this Court before and it is not clear to the Court why its expert report needs to be supplemented on this theory now. This is particularly true since Centillion never asked the Court during briefing on summary judgment in 2011/2012, when Qwest was asserting there was no theory under which it could be held liable for induced and/or contributory infringement, for leave to supplement its expert report. Therefore, to the extent that Centillion failed to develop this theory with its expert before, it is simply too late. The Court will not save Centillion at this late date from its own lack of diligence. *Cf. Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002) ("Where a party's own lack of diligence is to blame for that party's failure to secure discoverable information, it is not an abuse of discretion to deny a Rule 56(f)[, now Rule 56(d),] motion."); *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n.5 (7th Cir. 2000) (stating that a party seeking further discovery during summary judgment briefing "must clearly set out the justification for [any] continuance").

For these reasons, Plaintiff/Consolidated Defendant Centillion Data System, LLC's, request for time to exchange supplemental expert reports on the issue of liability under the "make" prong of 35 U.S.C. §§ 271(a) & (b) is **DENIED**. The parties shall proceed to provide dates for supplemental expert reports on the issue of damages as set forth in the Court's Minute Order dated December 19, 2013, Docket No. 956.

IT IS SO ORDERED THIS 20th day of December, 2013.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

Distribution:

David C. Campbell
BINGHAM GREENEBAUM DOLL LLP
dcampbell@bgdlegal.com

Phillip J. Fowler
BINGHAM GREENEBAUM DOLL LLP
pfowler@bgdlegal.com

Alan M. Freeman
BLANK ROME LLP
freeman@blankrome.com

Paul M. Honigberg
BLANK ROME LLP
honigberg@blankrome.com

Victor M. Wigman
BLANK ROME LLP
wigman@blankrome.com

Kenneth L. Bressler
BLANK ROME, LLP
kbressler@blankrome.com

J. Manena Bishop
MORRISON & FOERSTER (L.A.)
mbishop@mofo.com

Hector G. Gallegos
MORRISON & FOERSTER LLP
hgallegos@mofo.com

Vincent J. Belusko
MORRISON & FOERSTER LLP
vbelusko@mofo.com

Dale Buxton, II
MORRISON & FOERSTER, LLP
dbuxton@mofo.com

James W. Riley, Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com